UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

JOHN L. WAGER, JR.,

                          Plaintiff,

    -v.-                                                      5:05-CV-1290
                                                                        (NAM)(DEP)

GERALD F. MOLLEN and MARJORIE M. LYONS,

                        Defendants.

---

APPEARANCES:

JOHN L. WAGER, JR.
92-B-1683
Plaintiff, *pro se*
Arthur Kill Correctional Facility
Dorm (G-1-16B)
2911 Arthur Kill Road
Staten Island, New York 10309

NORMAN A. MORDUE, U.S. District Judge

**ORDER**

**I.    Introduction**

Currently before the Court is Plaintiff John L. Wager, Jr.'s civil rights complaint and his *in forma pauperis* application. *See* Dkt. Nos. 1-2. Plaintiff has not paid any fee relating to this action.

In his complaint, Plaintiff alleges that Defendants Mollen and Lyons violated his Fifth, Sixth, and Fourteenth Amendment rights during the course of prosecuting Plaintiff for criminal charges filed against Plaintiff in 1991. Plaintiff seeks monetary damages against Defendants for this alleged constitutional violation pursuant to 42 U.S.C. § 1983.

**II.    Discussion**

Section 1915(e)(2)(B) of Title 28 of the United States Code directs, in pertinent part, that "the court shall dismiss the case at any time if the court determines that – . . . (B) the action . . . –

(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). Moreover, it is the court's responsibility to determine whether a plaintiff may properly maintain his complaint in this District before the court may permit a plaintiff to proceed with an action *in forma pauperis*. *See* 28 U.S.C. § 1915(e)(2).

Section 1983 establishes a cause of action for "the deprivation of any rights, privileges, or immunities secured by the Constitution and laws" of the United States. 42 U.S.C. § 1983. However, "prosecutors are absolutely immune from liability under § 1983" in matters involving the prosecution – or failure to prosecute – individuals. *See Dory v. Ryan*, 25 F.3d 81, 83 (2d Cir. 1994) (prosecutorial immunity covers virtually all acts, regardless of motivation, associated with the prosecutor's function, including conspiracies to present false evidence); *Schloss v. Bouse*, 876 F.2d 287, 290 (2d Cir. 1995) (prosecutor protected by absolute immunity in suit challenging failure to prosecute). Accordingly, Defendants Mollen and Lyons, the Broome County District Attorney and a Broome County Assistant District Attorney are immune from liability under Section 1983 for actions taken during Plaintiff's prosecution on criminal charges.[1]

Moreover, the "applicable statute of limitations for § 1983 actions arising in New York requires claims to be brought within three years." *Pinaud v. County of Suffolk*, 52 F.3d 1139, 1156 (2d Cir. 1995). Since the acts complained of herein occurred, if at all, between June 1, 1991 and January 31, 1994, and Plaintiff's complaint was signed by Plaintiff on October 4, 2005 -- more than eleven years after the alleged acts of wrongdoing– Plaintiff's claim is time-barred.

---

[1] Plaintiff presently identifies Defendant Lyons as a law clerk. It is clear from the complaint that, at the time of the alleged wrongdoing, Defendant Lyons was the prosecutor handling Plaintiff's criminal prosecution. *See* Dkt. No. 1 at 5-6, 8.

Since Plaintiff's complaint seeks monetary relief against Defendants who are immune from such relief **and** is barred by the applicable statute of limitations, Plaintiff's complaint is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)and Rule 5.4(a) of the Local Rules of Practice of this District.

**WHEREFORE**, having reviewed Plaintiff's complaint, the applicable law, and for the reasons stated herein, it is hereby

**ORDERED**, that this action is **DISMISSED** pursuant to 28 U.S.C. § 1915(e)(2)(B) and Local Rule 5.4(a); and it is further

**ORDERED**, that Plaintiff's application for leave to proceed *in forma pauperis* is **DENIED**; and it is further

**ORDERED**, that the Clerk of the Court serve a copy of this Order on Plaintiff; and it is further

**CERTIFIED**, that any appeal from this matter would not be taken in good faith pursuant to 28 U.S.C. § 1915(a)(3).

IT IS SO ORDERED.

Dated: October 13, 2005

Norman A. Mordue
U.S. District Judge